NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONATHAN P. LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>DEVON BROWN, JAMES F. BARBO, LYDELL B. SHERRER, RICHARD CEVASCO<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 04-CV-6267 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Devon Brown, James F. Barbo, Lydell B. Sherrer and Richard Cevasco ("Moving Defendants") for summary judgment against Plaintiff Jonathan P. Lopez ("Plaintiff"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submission of the parties and based upon the reasons set forth below, it is the finding of this Court that Defendants' motion is **granted** and the Complaint is **dismissed** as to Moving Defendants. The Complaint is not dismissed as to the remaining Defendants, Dr. Harold Goldstein, Dr. Scott Miller and Dr. Alicia Caputo.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 2004, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Devon Brown, James Barbo, Lydell Sherrer, Richard Cevasco, Dr. Harold Goldstein, Dr. Scott

Miller, Dr. Alicia Caputo, and Dr. S. Kurra, and an application to proceed in forma pauperis. At the time of the filing of the Complaint, Plaintiff was an inmate at Northern State Prison ("NSP") in Newark, New Jersey. On February 16, 2005, the Court granted Plaintiff leave to proceed in forma pauperis. On August 22, 2005, Defendant S. Kurra filed a motion to dismiss for Plaintiff's failure to keep the Court and counsel apprised of his current address. The Court granted the motion to dismiss on October 17, 2005, and S. Kurra was terminated as a party to this action.

Plaintiff was incarcerated at NSP from September 16, 2004 through April 29, 2005. See Affidavit of Mario Viera, Exhibit A. Prior to his incarceration at NSP, Plaintiff was remanded to the custody of the Atlantic County Department of Public Safety at the Atlantic County Jail, where he remained from August 20, 2004 to September 3, 2004. Pl. Comp. at ¶16. On September 3, 2004, Plaintiff took an overdose of prescription medications in a suicide attempt. Id. at ¶17. After the overdose, Plaintiff was treated at a local hospital, and then involuntarily committed to Ancora Psychiatric Hospital from September 4, 2004 through September 15, 2004. Id. at ¶19. While a patient at Ancora, Plaintiff was prescribed a course of medical treatment, including the administration of various psychotropic medications. Id. at ¶20. Plaintiff was discharged from Ancora on September 15, 2004 and transferred back to the Atlantic County Jail where he remained in custody until being transferred to NSP on September 16, 2004. Id. at ¶21. Plaintiff alleges that once back at NSP, he was not allowed to continue the course of medical treatment prescribed to him at Ancora. Id. at ¶22. Plaintiff also contends that he was subjected to verbal harrassment by his treating physician, former Defendant S. Kurra. Id.

In his *pro se* Complaint, Plaintiff seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff asserts that the Defendants violated his Eighth Amendment rights in two ways: (1)

by deliberate indifference in changing a prescribed course of medical treatment and abrupt discontinuation of treatment and (2) by cruel and unusual punishment in disregarding the right to refuse medical treatment. Pl. Compl., Stmt. of the Case. In addition, Plaintiff alleges medical malpractice, harassment, and negligence under the New Jersey Tort Claims Act. Pl. Compl. at 1. With regard to the Moving Defendants, Plaintiff claims Defendants had knowledge of these violations of his rights and deliberately failed to take any action to protect his rights. Pl. Compl. at ¶26.

On May 13, 2005, Defendants filed the instant motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the basis that the undisputed facts show that the Moving Defendants were not deliberately indifferent to Plaintiff's alleged medical needs, that they are entitled to qualified immunity as to their actions, and that Plaintiff's claims are barred by the Eleventh Amendment. Def. Br. at 2. In addition, Defendants submit that Plaintiff's claim for punitive damages should also be dismissed because he can not show that the Moving Defendants' actions were motivated by an evil motive or callous indifference. Def. Br. at 2.

## II. DISCUSSION

### A. Standard of Review

Under the Federal Rules of Civil Procedure, summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view the facts in the light most favorable to the nonmoving party

and must resolve any reasonable doubt as to the existence of a genuine issue of fact against the moving party. Matsushita Elec. Indus. Co., Ltd., 475 U.S. 574, 587 (1986). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. See Anderson, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Due to an understandable difference in legal sophistication, a complaint drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by trained counsel. Haines v. Kerner, 404 U.S. 519 (1972). However, "while *pro se* complaints are entitled to liberal construction, the plaintiff must still set forth facts sufficient to survive summary judgment." Ezeiruaku v. U.S., 2000 WL 1751077, *3 (E.D.Pa. 2000) (citing Shabazz v. Odum, 591 F.Supp. 1513 (M.D.Pa. 1984)).

**B. Plaintiff's Eight Amendment Claims**

Plaintiff invokes the jurisdiction of the Court pursuant to 42 U.S.C. § 1983. Section 1983 authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. To recover under section 1983, a plaintiff must show two elements: (1) a person deprived or caused him to be deprived of a right secured by the

Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff claims that the Moving Defendants, in their capacity as employees of the state, violated his Eighth Amendment rights. Plaintiff theorizes that his constitutionally guaranteed rights were violated because the Moving Defendants did not adequately respond to his concerns about his medical treatment, thereby evidencing deliberate indifference to his medical needs and causing the infliction of cruel and unusual punishment.

***Deliberate Indifference to Medical Needs***

Prison systems have a duty to provide prisoners with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "It is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations and internal quotations omitted). However, prison authorities are afforded considerable latitude in the diagnosis and treatment of prisoners. See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d. Cir. 1979) (claim for deliberate indifference does not arise just because one doctor disagrees with the diagnosis of another.) As such, for a prisoner to succeed in an action claiming inadequate medical treatment, a prisoner must show more than negligence; he must show "deliberate indifference" to a serious medical need. Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993)(quoting Estelle at 104-106.)

In support of his allegations, Plaintiff claims Moving Defendants failed to take sufficient action upon receipt of a memorandum written by Plaintiff describing his medical issues. Id. at ¶27.

Specifically, Plaintiff claims Defendants Sherrer and Cevasco never replied to his memorandum, and although Defendant Barbo did reply to Plaintiff's memorandum, Plaintiff alleges his concerns were not addressed. Id. Plaintiff asserts that he contacted Defendant Brown again on October 14, 2004, by way of letter requesting removal from the special needs roster.

The Third Circuit addressed a similar situation in Durmer, where it affirmed as proper the granting of summary judgment in favor of non-physician prison administrators. 991 F.2d at 69. The Circuit reasoned that because the defendants were not physicians, they could not be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who already was being treated by the prison doctor."[1] Id. The Circuit further explained its reasoning in Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004), stating: "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands...[A]bsent a reason to believe (or actual knowledge) that prison doctors are mistreating (or not treating) a prisoner, a non-medical prison official...will not be chargeable with...deliberate indifference." Additionally, in Estelle, the Supreme Court instructed that mere negligence on the part of prison officials does not constitute a violation of the Eight Amendment. 429 U.S. 97, 106 (1977); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994) (reiterating Estelle's distinction between deliberate indifference to serious medical needs and "mere negligence").

Here, Moving Defendants have submitted an affidavit indicating that Plaintiff's memorandum was indeed forwarded to medical personnel. See Reihm Affadavit, Exhibit A. Moreover, none of the Moving Defendants are physicians and therefore cannot be considered

---

[1] The Court also noted that "respondeat superior is, of course, not an acceptable basis for liability under § 1983." Id. at 69, fn.14 (citing Polk County v. Dodson, 454 U.S. 312, 325.)

deliberately indifferent to Plaintiff's medical needs because they failed to respond to Plaintiff's medical concerns. It is clear from the record before the Court that Plaintiff's concerns were brought to the attention of the medical personnel at NSP. Reihm Aff., Ex. A. As such, Plaintiff's Eight Amendment claim for medical indifference against the Moving Defendants is dismissed

***Cruel and Unusual Punishment***

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981). The Eighth Amendment prohibits conditions which, although not physically barbarous, involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes, 452 U.S. at 346, 347. "Among unnecessary and wanton inflictions of pain are those that are totally without penological justification." Id. at 346 (citations and internal quotations omitted).

The Court finds no evidence of cruel and unusual treatment of the Plaintiff by the Moving Defendants. After Plaintiff's suicide attempt, he was transferred to a psychiatric hospital for evaluation and treatment, a course of action that is most appropriate given the circumstances. The medical records provided to the Court in Defendants' affidavits show Plaintiff received medical care. As discussed above, a non-medical prison officer will be justified in thinking the prisoner is in the capable hands of the treating prison physician. Spruill, 372 F.3d at 236 . Thus, the decision of the treating physician at the Atlantic County jail to terminate the course of medication prescribed to Plaintiff at Ancora does not implicate infliction of cruel and unusual punishment on the part of Moving Defendants. Plaintiff's Eight Amendment claim of cruel and unusual punishment is

dismissed.

In light of the above reasoning, the Court does not feel the need to address the remaining arguments put forth by Defendants in their motion for summary judgment. In sum, Moving Defendants' motion for summary judgment is granted.

**CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's claims against Moving Defendants Devon Brown, James Barbo, Lydell B. Sherrer and Richard Cevasco are **dismissed with prejudice**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: November 3, 2005
Original: Clerk's Office
Copies: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File