**NOT FOR PUBLICATION**                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JONATHAN P. LOPEZ,                          :
                                            :
            Plaintiff,                       :
                                            :
      v.                                     :        Civil Action No. 04-6267 (SRC)
                                            :
DEVON BROWN, ET AL.,                        :        **OPINION and ORDER**
                                            :
                                            :
            Defendants.                      :


      **THIS MATTER** comes before the Court upon Defendants' Motions to Dismiss (Docket

Entry Nos. 72 and 73), and upon the May 11, 2007 Report and Recommendation (Docket Entry

No. 76) issued by Magistrate Judge Cecchi, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the

reasons set forth below, having conducted a de novo review, this Court adopts the Report and

Recommendation of the Magistrate Judge, grants Defendants' Motions, and dismisses Plaintiff's

Complaint with prejudice.


**I.      BACKGROUND**

      On November 29, 2006, Defendants Caputo, Goldstein, and Miller moved to dismiss

Plaintiff's Complaint for failure to comply with a court order.  On December 6, 2006, Defendant

Kurra moved to dismiss Plaintiff's Complaint for failure to keep the Court and defense counsel

apprised of his current address.  On January 9, 2007, this Court referred the motions to dismiss to

Magistrate Judge Cecchi.

On May 11, 2007, Magistrate Judge Cecchi issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).  After a review of the underlying events leading up to Defendants' motions to dismiss and undertaking analysis under Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Magistrate Judge recommended that the action be dismissed in its entirety with prejudice.  Specifically, the Magistrate Judge found that Plaintiff "has not responded to Defendants' discovery demands and has not complied with this Court's orders."  (Report and Recommendation at 7.)  The Magistrate Judge's Report details Plaintiff's continuing lack of compliance with both the Court's orders and Defendants' attempts to undertake discovery over the course of many months.  (Id. at 6.)

Plaintiff did not submit opposition to Defendants' Motions to Dismiss.  Furthermore, Plaintiff did not file an objection to the proposed Report and Recommendation of Magistrate Judge Cecchi.


**B.      REVIEW OF THE REPORT AND RECOMMENDATION**

This Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," after making "a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1).  The Magistrate Judge recommended that this case be dismissed with prejudice based on an analysis using the Poulis v. State Farm & Casualty Co. factors.  747 F.2d 863 (3d Cir. 1984).

Under the factors established in Poulis, the Court must apply a balancing test to determine whether dismissal is an appropriate sanction.  747 F.2d at 868.  The Court weighs: (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's actions or inactions; (3) a history of dilatoriness; (4) whether the conduct of the party was willful

or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  Id.

Considering first the extent of the plaintiff's own responsibility, Plaintiff has been personally responsible for his failure to comply with the Magistrate Judge's Order and for failing to keep the court apprised of his current address.  Merely because Plaintiff is a pro se litigant does not alleviate his responsibility.  In the case at bar, Plaintiff failed to comply with several discovery requests, Magistrate Judge Cecchi's order, and did not keep the Court and defense counsel apprised of his address.  This Court has no explanation but that Plaintiff is personally responsible.

Regarding the second Poulis factor, prejudice to Defendants caused by Plaintiff's failure to comply with discovery, this case has been pending for over two years.  Without compliance, Defendants have not been able to properly defend against the action.  Plaintiff's failure to keep the Court and defense counsel apprised of his whereabouts has forced the case to a standstill for many months.  Defendants have expended a significant amount of time and resources in their discovery requests to no avail.  (Id. at 6.)

The third Poulis factor, a history of dilatoriness, supports the Magistrate Judge's finding that the case should be dismissed with prejudice.  The Court considers a party's conduct over the course of an entire case in assessing dilatoriness.  Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994).  Plaintiff had due time to complete the minor task of updating his current address and failed to do so, resulting in increased expenditures by Defendants.  Moreover, it was the second time that Plaintiff had failed to keep the Court and defense counsel apprised of his address.  Plaintiff's behavior has resulted in much delay, and this Court agrees that his conduct exemplifies a history of dilatoriness.

This Court agrees with the Magistrate Judge that the fourth Poulis factor of willful conduct is satisfied.   Although Plaintiff's conduct may not have been in bad faith, his departure from the case indicates that his conduct was willful.  The fifth Poulis factor, that alternative sanctions are not appropriate, is also satisfied in this case.  Plaintiff was given an opportunity to amend his current address and did not do so.  (Docket Entry No. 61.)  Considering that Plaintiff's second failure to provide a current address resulted in unanswered discovery requests and a failure to comply with a Court order, the Court finds that there is no appropriate alternative sanction.

As to the sixth factor, the meritoriousness of Plaintiff's claim, the Court finds that it is neutral.  Due to the lack of discovery, the court cannot evaluate the merits of the claim.

Five of six Poulis factors weigh in favor of dismissal as an appropriate sanction, while the sixth is neutral.  Thus under the Poulis test, dismissal with prejudice is appropriate.

**C.     CONCLUSION**

This Court finds upon de novo review that Magistrate Judge Cecchi's Report and Recommendation correctly recommended dismissal under the Poulis factors, and as such, this Court adopts it in its entirety.  Plaintiff's Complaint will be dismissed with prejudice.

For these reasons,

**IT IS THEREFORE** on this 3rd day of July 2007,

**ORDERED** that Defendants' Motions to Dismiss (Docket Entry No. 72 and 73) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.


                                 s/ Stanley R. Chesler    
                               Stanley R. Chesler, U.S.D.J.